**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

WILLIE WATKINS,

      Plaintiff,

v.

VALENTINE & KEBARTAS, INC., a Massachusetts corporation,

      Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

## VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

## PARTIES

7.    Plaintiff Willie Watkins is a natural person.

8.      The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant Valentine & Kebartas, Inc., is a Massachusetts corporation operating from an address at 15 Union Street, Lawrence, Massachusetts, 01840.

12.     The Defendant's registered agent in the state of Colorado is National Corporate Research, LTD., 80 Garden Center, Suite 3, Broomfield, Colorado, 80020.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly attempts to collect debts alleged to be due another.

17.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**FACTUAL ALLEGATIONS**

18.     Sometime before 2014 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Universal Acceptance Corporation (hereinafter the "Account").

2

19.   The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.   The Account went into default with the original creditor.

21.   After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.   The Plaintiff disputes the Account.

23.   The Plaintiff requests that the Defendant cease all further communication on the Account.

24.   The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25.   The Defendant acted at all times mentioned herein through its employee(s).

26.   In the year prior to the filing of the instant action the Plaintiff and the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) regarding the Account.

27.   The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

28.   The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

29.   The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

30.   The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action in connection with the collection of the Account.

31.   During the communication(s) between the Plaintiff and the Defendant regarding the Account the Defendant while attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit bureau reports, that the Account will stay on the credit bureau reports until it is paid and that she would not be able to get a car until the Account was paid.

32.   The Defendant's representations stated in paragraph 31 were false and were false representations in connection with the collection of a debt, the Account.

33.   In 2014 the Defendant communicated information regarding the Account to Universal Acceptance Corporation in connection with the collection of the Account after the Plaintiff disputed the Account with the Defendant and notified the Defendant that the Account is disputed and when the Defendant communicated information regarding the Account to Universal Acceptance Corporation after the Plaintiff disputed the Account with the Defendant the Defendant did not communicate to Universal Acceptance Corporation that the Account was disputed.

34.   The information regarding the Account that the Defendant communicated to Universal Acceptance Corporation in 2014 after the Plaintiff disputed the Account with the Defendant conveyed information regarding the Account directly or indirectly to Universal Acceptance Corporation.

35.   The information regarding the Account that the Defendant communicated to Universal Acceptance Corporation in 2014 after the Plaintiff disputed the Account

with the Defendant constituted a "communication" as defined by FDCPA § 1692a(2).

36.     Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account and voicemail message(s) the Defendant left for the Plaintiff in the year prior to the filing of the instant action.

37.     Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

38.     Upon information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

39.     Upon information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

40.      Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

41.     Upon information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

42.     Upon information and belief the Defendant's copies of the audio recording(s) of

its telephone call(s) / conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

43.   The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and/or action(s) constitute false representations and/or means and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

44.   "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

45.   "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

46.   As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

### RESPONDEAT SUPERIOR

47.   The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

48.   The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

49.    The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

50.    The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

51.    The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

52.    The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

53.    The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

54.    As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

55.    The previous paragraphs are incorporated into this Count as if set forth in full.

56.    The statement(s) and/or action(s) and/or omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(8) and e(10).

57.    Pursuant to FDCPA section 1692k the Plaintiff seeks damages, costs and reasonable attorney's fees.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.    Judgment in favor of the Plaintiff and against the Defendant.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.    Post Judgment Interest.

       _s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff